EDWARDS, Judge.
Plaintiff, Jacquelyn C. Starks, sues the defendants, Richard’s Ford, Inc., Ken Barker, and Tom Floyd, for damages resulting from an unsuccessful purchase/sale of a new ear. The trial court rendered judgment in favor of plaintiff in the amount of $896.76, representing plaintiff’s $500.00 down payment and $396.76 as the value of plaintiff’s trade-in which had been sold by the defendants. Plaintiff appeals seeking additional damages.
FACTS:
On Saturday, March 27, 1976, plaintiff went to Richard’s Ford, an automobile dealership in Baton Rouge, and spoke with defendant Barker, a salesman, concerning the purchase of a new car. Plaintiff selected a 1976 Mustang and proceeded to strike a deal which resulted in the signing of a Retail Buyer’s Order. Plaintiff informed Barker that she wished to trade-in her old car and would need to finance the balance of the purchase price.
Barker had plaintiff’s trade-in appraised and learned that its cash value was $500.00, but that $896.76 was still owed on it to G.M.A.C. Barker told plaintiff that she would get a $1,000.00 trade-in allowance and that her obligation to G.M.A.C. would be paid. Plaintiff then signed a transfer of title to Richard’s Ford on the old car and surrendered the keys to Barker.
Barker had plaintiff write two checks for the $800.00 down payment and fill out a credit application with Ford Motor Credit for the financing. Since it was a Saturday, it was not possible to obtain approval of plaintiff’s credit application until Monday morning. However, defendant Floyd, the sales manager, approved immediate delivery of the new car based on plaintiff’s application and down payment.
On the following Monday, it learned that Ford Motor Credit would not finance the *488 car for plaintiff. Barker informed plaintiff of this rejection later that day. Thereafter, plaintiff with the help of Barker tried, unsuccessfully, to obtain financing from other sources. Meanwhile, plaintiff remained in possession of the new car.
After about two weeks of trying to arrange her own financing for the car, plaintiff returned to Richard’s Ford and spoke to Floyd. She gave him $500.00 in cash to partly redeem her checks which had been returned N.S.F. and informed him that she could not secure financing. At this point, Floyd demanded the return of the car.
In the interim period while plaintiff was trying to secure her own financing, her old car was sold by Richard’s Ford for $300.00 to a wholesaler on April 1, 1976.
Plaintiff instituted the present suit to recover her $500.00 down payment and to recover the value of her old car and also damages resulting from the sale of that car.
The trial court refused plaintiff’s claim for damages because it found that plaintiff never did comply with the terms of the agreement to purchase, i. e. she was never able to post the full down payment or to secure financing.
Plaintiff contends that the trial court erred:
1) by admitting evidence of an offer to settle; and
2) by refusing to award damages for embarrassment, humiliation and loss of use resulting from the sale of her old car.
We do not reach plaintiff’s first contention as we find no evidence of an offer to settle in the record.
On the issue of damages, we find the numerous cases cited by appellant inappo-site.
While we agree with the trial court that Richard’s Ford acted improvidently in selling plaintiff’s trade-in before financing was secured for the new car, we find that plaintiff’s difficulties all resulted from her financial inability to post the full $800.00 down payment and secure financing for the balance of the purchase price of the car. Accordingly, we reject, as did the trial court, plaintiff’s claim for damages.
We also reject plaintiff’s claim for attorney’s fees.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.